__NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER__

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000657
15-DEC-2025
07:49 AM
Dkt. 53 SO**

NO. CAAP-23-0000657


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


COCONUT PLANTATION BEACH INVESTORS, LLC, Appellant-Appellee,
v.
ADAM ROVERSI, in his capacity as Director of the Kauai County
Housing Agency; KAUAI COUNTY HOUSING AGENCY,
Appellees-Appellants,


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CCV-23-0000010)

### SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Wadsworth and Guidry, JJ.)

Appellees-Appellants Adam Roversi and the Kaua‘i County Housing Agency (collectively, the **Housing Agency**) appeal from the Circuit Court of the Fifth Circuit's (**circuit court**) (1) "Appellant[-Appellee] Coconut Plantation Beach Investors, LLC's [(**CPBI**)] Findings of Fact, Conclusions of Law, and Decision and Order" (**Order**), filed on September 15, 2023, and (2) "Final Judgment," filed on October 5, 2023.[1]

---

[1] The Honorable Kathleen N.A. Watanabe presided.

CPBI is the current owner of a project development on Kauaʻi (the **Project**).  On January 24, 2007, the Kauaʻi County Planning Commission issued a Special Management Area Use Permit SMA(U)-2006-5 (**SMA**), Project Development Use Permit PDU-2006-7, and a Class IV Zoning Permit Z-IV-2006-10 (collectively, the **Permits**) to the Project's former owner.[2]  It is undisputed that the Kauaʻi County Code (**KCC**) did not impose a "workforce housing" requirement at the time the Permits were issued.[3]

Kauaʻi County adopted KCC chapter 7A on December 10, 2007.  Chapter 7A made workforce housing an exaction under certain circumstances.  Despite the Project receiving the Permits prior to the adoption of KCC chapter 7A, in July 2022, the Housing Agency determined that "as a project requiring building permits," the Project "must satisfy [chapter 7A] workforce housing requirements."  CPBI appealed, and the Housing Agency upheld its initial decision.  CPBI then appealed the Housing Agency's decision to the circuit court, and the circuit

_____

[2]     CPBI acquired the Project after the Permits were issued.  The Project's start date was delayed due to litigation, and Kauaʻi County waived the two-year deadline for the Project's SMA permit and acknowledged that the five-year construction period requirement in the Permits would not start until building permits are obtained.  The record reflects that, as of the date of the circuit court's Order, construction had not yet commenced on the Project, and that neither the previous owners nor CPBI have pulled building permits for the Project.

[3]     The record reflects that, although there was no workforce housing requirement when the Permits were issued, Condition No. 18 of the Permits specifies that the Project developer will provide employee housing for no fewer than three employees.

court entered its Order and Final Judgment vacating the Housing Agency's decision.

This secondary appeal followed. The Housing Agency raises four points of error, contending that the circuit court erred when it ruled that: (1) "the [Housing Agency's] workforce housing requirement violated KCC § 7A-1.5"; (2) "[KCC] [c]hapter 7A was not intended to be applied to projects that had previously obtained zoning permits"; (3) "the Deputy Planning Director had authority to waive [KCC] [c]hapter 7A workforce housing requirements for the [P]roject"; and (4) "the Housing Agency was estopped from assessing a workforce housing requirement."

We review secondary appeals de novo, and apply the standards set forth in Hawaii Revised Statutes (**HRS**) § 91-14(g) (2012 & Supp. 2016) to determine whether the circuit court's determinations were right or wrong. Flores v. Bd. of Land & Nat. Res., 143 Hawaiʻi 114, 120, 424 P.3d 469, 475 (2018) (citations omitted).

HRS § 91-14, entitled "Judicial review of contested cases," provides in relevant part:

> (g) Upon review of the record, the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> (1) In violation of constitutional or statutory provisions;

3

> (2) In excess of the statutory authority or jurisdiction of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error of law;
>
> (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
>
> (6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

HRS § 91-14(g).

"Under HRS § 91-14(g), an agency's conclusions of law are reviewable under subsections (1), (2), and (4); questions regarding procedural defects under subsection (3); findings of fact under subsection (5); and an agency's exercise of discretion under subsection (6)." United Pub. Workers, AFSCME, Loc. 646 v. Hanneman, 106 Hawaiʻi 359, 363, 105 P.3d 236, 240 (2005) (cleaned up).

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we first address the Housing Agency's contention that the Project is subject to KCC chapter 7A.

"When interpreting a municipal ordinance, we apply the same rules of construction that we apply to statutes." West Maui Resort Partners LP v. Cnty. of Maui, 154 Hawaiʻi 121, 131, 547 P.3d 454, 464 (2024) (quoting Ocean Resort Villas Vacation Owners Ass'n v. Cnty. of Maui, 147 Hawaiʻi 544, 553, 465 P.3d

4

991, 1000 (2020)). "[W]here the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning." Id. at 132, 547 P.3d at 465. Moreover, this language "must be read in the context of the entire ordinance and construed in a manner consistent with the purposes of the ordinance." Save Diamond Head Waters LLC v. Hans Hedemann Surf, Inc., 121 Hawai'i 16, 25, 211 P.3d 74, 83 (2009) (citation omitted).

KCC chapter 7A provides that the workforce housing requirement applies to, as relevant here:

> (c)     Projects with other approvals granted by the County administration, including:
>
> . . . .
>
> (2)    **Zoning or building permits for the development or redevelopment of land** or buildings on a lot of record in any residential, resort, or commercial district for the construction of or conversion into more than 10 residential dwelling units or time share units, or more than 20 hotel rooms.

KCC § 7A-1.4.1(c)(2) (emphasis added).

KCC § 7A-1.5 governs the time in which the Housing Agency must make a workforce housing assessment, and instructs that,

> (a)    **The workforce housing assessment** for any project subject to this Chapter **shall be resolved with the Housing Agency prior to final subdivision approval or zoning permit approval, whichever occurs first,** or if neither is applicable to the project, prior to building permit application.
>
> (b)    The workforce housing assessment for any project subject to this Chapter shall be assessed once per project, except that an additional workforce housing assessment may be applicable to a project, after initial assessment, when

> increased residential or resort density is subsequently
> granted by the County.

KCC § 7A-1.5(a), (b) (emphasis added).

Pursuant to its plain language, KCC § 7A-1.5(a) instructs that the Housing Agency shall "resolve[]" a workforce housing assessment for "any project subject to this Chapter . . . prior to final subdivision approval or zoning permit approval, whichever occurs first." The record reflects that the Project was granted final zoning permit approval in January 2007. Thus, the Housing Agency's deadline for resolving a workforce housing assessment had expired in January 2007, which was prior to the adoption of KCC chapter 7A in December 2007.

There is nothing in the language of KCC chapter 7A that indicates the drafters' intent that the provisions governing workforce housing assessments should have retrospective application. We therefore conclude that the circuit court was not wrong in determining that KCC chapter 7A's workforce housing requirement does not apply to the Project. See In re Medeiros Testamentary Tr. & Life Ins. Tr., 105 Hawaiʻi 284, 293, 96 P.3d 1098, 1107 (2004) ("The common law rule disfavors retroactive application of laws. This rule is codified in HRS § 1-3 (1993), which provides that '[n]o law has any retrospective operation, unless otherwise expressed or obviously intended.'") (citation omitted). In light of this

conclusion, we need not reach the Housing Agency's remaining points of error.

For the foregoing reasons, we affirm the Order and Final Judgment.

DATED: Honolulu, Hawaiʻi, December 15, 2025.

On the briefs:

Charles A. Foster,
Deputy County Attorney,
County of Kauaʻi
for Appellees-Appellants.

Leila M. Rothwell,
for Appellant-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge